1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8    TEKLEMARIAM DANIEL HAGOS,

9                          Plaintiff,              CASE NO. C23-735-RSL-MLP

10          v.
                                                  REPORT AND RECOMMENDATION
11    DEPARTMENT OF SOCIAL AND HEALTH
     SERVICES, *et al*.,
12
                         Defendants.
13

14          Plaintiff Teklemariam Daniel Hagos is currently confined at the King County Jail in

15   Seattle, Washington, where he is awaiting adjudication of charges pending against him in King

16   County Superior Court. He has submitted to this Court for filing a prisoner civil rights complaint

17   under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis* ("IFP").

18   (*See* dkt. ## 1, 1-1.) Plaintiff identifies three claims for relief in his complaint, all of which are

19   very difficult to understand but appear to relate to his ongoing criminal case. (*See* dkt. # 1-1.)

20          Plaintiff first purports to allege a due process claim against Dr. Angela Sailey, whom he

21   identifies as an employee of the Washington Department of Social and Health Services, Office of

22   Forensic Mental Health Services. (*See* dkt. # 1-1 at 4.) Plaintiff references in this claim

23

REPORT AND RECOMMENDATION
PAGE - 1

1  competency evaluations he has been subjected to during the pendency of his criminal case, and
2  he appears to claim that his speedy trial rights have been violated by delays associated with his
3  competency proceedings. (*See id*. at 4-5.)

4    Plaintiff next alleges that his Public Defender, Liza Parisky, engaged in terrorizing and
5  terroristic conduct, "including Due Process claims." (Dkt. # 1-1 at 6.) Plaintiff suggests that Ms.
6  Parisky is impersonating a City of Seattle police officer who was involved in Plaintiff's arrest
7  and prosecution in another King County Superior Court case in 2016. (*Id*.) He goes on to identify
8  alleged deficiencies in the arrest report that gave rise to his current criminal charges, claiming
9  that the arresting officer fabricated probable cause for the charges and asserting that the criminal
10  case needs to be dismissed. (*Id*.)

11    Finally, Plaintiff purports to allege due process claims against King County. (Dkt. # 1-1
12  at 7.) However, Plaintiff's description of this claim is somewhat confusing. He asserts that his
13  due process claims are based on *Brady* violations and qualified immunity, but he fails to allege
14  any facts in support of these claims. (*See id*. at 7-8.) Plaintiff then proceeds to identify and
15  present legal argument pertaining to various Washington State statutes, though he fails to make
16  clear how those statutes relate to any claims he intends to assert in this proceeding. (*See id*. at
17  7-10.)

18    Plaintiff identifies as Defendants in his complaint Dr. Angela Sailey, Ms. Parisky, and the
19  King County District and Superior Courts. (Dkt. # 1-1 at 3.) Plaintiff seeks monetary damages in
20  the amount of $99 billion and release from custody. (*Id*. at 10.) He also asks that Dr. Sailey, Ms.
21  Parisky, and the police officers involved in his arrest be sent to federal prison. (*See id*.)

22    Plaintiff's complaint is deficient in various respects, but the Court need not address the
23  specific deficiencies unless and until Plaintiff satisfies the filing fee requirement. As noted

REPORT AND RECOMMENDATION
PAGE - 2

above, Plaintiff has submitted an IFP application. Pursuant to 28 U.S.C. § 1915(g), a prisoner

may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought

civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious,

or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury. A review of Plaintiff's litigation activities in this District

reveals that he has filed over twenty cases in this District and has accumulated multiple "strikes"

under § 1915(g). In particular, Plaintiff has brought at least four cases that were dismissed for

failure to state a claim. *See Hagos v. Goodwill*, Case No. C22-1436-RSL; *Hagos v. St. Laurent*,

Case. No. C22-1638-TSZ; *Hagos v. King County Prosecuting Attorney's Office*, C22-1725-MJP;

and *Hagos v. Kahsay*, C23-251-JLR.

Because Plaintiff has accumulated at least three strikes, he may not proceed with this

action without prepayment of the full filing fee unless he shows that he was "under imminent

danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g);

*Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time

of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

§ 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is

"'ready to take place' or 'hanging threateningly over one's head.'" *Id*. at 1056 (internal citations

omitted).

Plaintiff makes a conclusory assertion on the first page of his complaint that he is "Being

Attacked." (Dkt. # 1-1 at 1.) Plaintiff also suggest that he has been the victim of terrorist acts.

(*See id*. at 6, 10.) Plaintiff fails, however, to allege any clear and specific facts demonstrating that

he is in imminent danger of serious physical injury, and the facts alleged by Plaintiff do not

suggest that any such danger existed at the time he filed this case. This Court therefore concludes

REPORT AND RECOMMENDATION
PAGE - 3

that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350 filing fee plus a $52.00 administrative fee (for a total of $402.00).

Accordingly, this Court recommends that Plaintiff's IFP application (dkt. # 1) be denied. This Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 23, 2023**.

DATED this 1st day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4